IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SEFANIT TESFA,

      Plaintiff,

v.

AMERICAN RED CROSS,

      Defendants.

Case No. 2:12-cv-0397
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## ORDER

This matter is before the Court on several motions in limine filed by Defendant American Red Cross.  (ECF Nos. 47, 48, and 49.)  Plaintiff Sefanit Tesfa has filed responses in opposition to two of the motions in limine.  (ECF Nos. 54, 55.)[1]  For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the motion in limine to exclude allegedly "irrelevant and prejudicial statements" attributed to employees of Defendant.  (ECF No. 47.)  The Court **DENIES** the motions in limine to exclude evidence of so-called "claims not at issue" (ECF No. 48) and to exclude Plaintiff's claim for backpay (ECF No. 49.)

**I.**

Defendant asks this Court to issue orders excluding evidence even before the trial in this matter begins.  Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine.  The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United*

---

[1] Earlier today, Defendant filed reply memoranda in support of its motions in limine.  (ECF Nos. 59, 60, 62.)  Strangely, this included a reply in support of a motion to which Plaintiff did not respond.  (ECF No. 62.)  The Court disregards Defendant's reply memoranda, as the Court does not permit reply memoranda in support of motions in limine.  *See* Judge Gregory L. Frost, Trial Procedure for Civil Jury Trial, at 6 (available at http://www.ohsd.uscourts.gov/judges/frost/CivilJuryProcedures.pdf).

1

*States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).  Notwithstanding this well-meaning purpose, courts are generally reluctant to grant broad exclusions of evidence in limine, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388; *cf. Luce*, 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp.2d at 846.  Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.  *Id.*  The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *Id.* (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

## II.

### A. Motion to Exclude "Irrelevant and Prejudicial Statements."

Defendant moves in limine to exclude evidence of four so-called "irrelevant and highly prejudicial comments related to race" allegedly made by Krista Holcomb and Tracey Mattia, two of Defendant's employees, between 2004 and 2009.  (ECF No. 47 at PageID# 763.)  Defendant cites to the following comments to which Plaintiff testified in her deposition:

- In 2005, Holcomb allegedly told Plaintiff: "[y]ou have a beautiful child.  The newborn baby has a lighter skin.  He will have a better life . . . always lighter skin or fairer skin, they will have a better life than the darker skin."  (Pl.'s Dep. 172-73, ECF No. 27.)
- Also in 2005, Holcomb allegedly told Plaintiff while watching coverage of Hurricane Katrina, "[a]ll those black people, they deserve to die" and that "God gave them this."  (*Id.* at 176-78.)
- Sometime between 2004 and 2006, Holcomb asked Plaintiff to convey a message on Holcomb's behalf to an employee named "Chris" because according to Holcomb, "[Chris] doesn't talk to white people.  He is white trash so he only speak[s] to black people because he is a lower class."  (*Id.* at 175-76.)
- In 2008 or 2009, Mattia allegedly told Plaintiff, "you African people don't like black Americans."  (*Id.* at 178.)

Defendant argues that these statements are inadmissible under Fed. R. Evid. 401 and 402 because they are "obviously irrelevant" to the matters at issue in this case.  (Def.'s Mot., ECF No. 47 at PageID# 765.)  First, Defendant argues that Holcomb's statements touch only upon race and are therefore irrelevant to Plaintiff's remaining claim of *national origin* discrimination.  (*Id.* at PageID# 766.)  Second, Defendant contends that Plaintiff cited each of these statements in deposition testimony concerning "racial harassment," which is not a claim that is part of this

3

case. (*Id.*) Finally, Defendant argues that the statements are inadmissible because they are "made by non decisionmakers," "are temporally remote," and are "unconnected to the employment decision at issue." (*Id.*) *See Boyle v. Mannesman Demag Corp.*, 991 F.2d 794 (table), 1993 U.S. App. LEXIS 8682, at *7 (6th Cir. Apr. 13, 1993).

Notably, Plaintiff did not file a response to Defendant's motion in limine to exclude these statements. Thus, the Court is without the benefit of Plaintiff's view on the relevance (if any) of the statements, much less whether Plaintiff actually intends to use them at trial. Without the benefit of Plaintiff's response, the Court agrees with Defendant that Holcomb's statements are inadmissible. They are remote in time (five or six years before the promotion decision at issue in this case) and Plaintiff indicated in her deposition that Holcomb had no involvement in the decision to deny Plaintiff's promotion to laboratory supervisor in 2011.

Despite Plaintiff's lack of a response, the Court does not take the same view of Mattia's alleged statement. Though Defendant contends the statement is "obviously irrelevant," the obviousness is not apparent from the statement: unlike the Holcomb statements, the Mattia statement arguably (if not plainly) refers to Plaintiff's national origin in its use of the phrase "you African people." Moreover, Plaintiff's deposition testimony contains some indication that Mattia may have discussed with Evette Wise, the decisionmaker who passed over Plaintiff for promotion, personnel issues involving Plaintiff at some point in time. (Pl.'s Dep. 179-80, ECF No. 27.) Thus, the Court cannot say at this juncture that the Mattia statement is "clearly inadmissible on all potential grounds." *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846. The Court therefore denies Defendant's motion in limine to exclude the Mattia statement.

    ***B. Motion to Exclude "Claims Not at Issue"***

4

Defendant also seeks to exclude testimony and evidence with regard to (1) plaintiff's claims arising prior to the March 2011 failure to promote and (2) any claims that may have arisen since the alleged discriminatory failure to promote. (ECF No. 48.)

The Court denies Defendant's motion. Defendant does not cite an evidentiary rule as a basis for excluding the evidence complained of. Moreover, Defendant has not set forth a basis from which the Court can conclude that the evidence complained of (some of which is unspecified by Defendant) is inadmissible on all possible grounds. The broad in limine order Defendant requests is therefore inappropriate at this time.

### C. *Motion to Exclude Claim for Backpay*

Defendant has also filed a motion in limine to exclude any claim by Plaintiff for recovery of backpay. (ECF No. 49.) Defendant says that it is "undisputed that Plaintiff has no backpay damages because she made more money than Brian Boxill," the employee whom Defendant promoted to the Laboratory Supervisor position instead of Plaintiff. Defendant supports its motion with IRS W-2 forms showing that Plaintiff earns more than Boxill.

Contrary to Defendant's creative use of the term "undisputed," there is an actual dispute with regard to backpay. As Plaintiff notes in her response to Defendant's motion "Defendant has failed to address the issue of whether Ms. Tesfa would have received a salary increase upon promotion to supervisor." (Pl.'s Opp., ECF No. 54 at PageID# 832.) If that is the case, Boxill's income level is immaterial, at least to the question of the amount of backpay to be awarded in the event that Defendant is found liable.

The backpay issue is not appropriate for the in limine ruling Defendant seeks. The Court therefore denies the motion.

**III.**

For the reasons set forth above, the Court **ORDERS** as follows on Defendant's motions in limine:

1. The Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion in limine to exclude the allegedly "irrelevant and prejudicial statements" (ECF No. 47);

2. The Court **DENIES** Defendant's motion in limine to exclude "claims not at issue" (ECF No. 48); and

3. The Court **DENIES** Defendant's motion to exclude Plaintiff's claim for backpay (ECF No. 49).

As with all decisions in limine, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pretrial motions and memoranda.

**IT IS SO ORDERED**.

            /s/ Gregory L. Frost
            GREGORY L. FROST
            UNITED STATES DISTRICT JUDGE