IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SEFANIT TESFA,

        Plaintiff,

v.

AMERICAN RED CROSS,

        Defendants.

Case No. 2:12-cv-0397
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Defendant American Red Cross's motion to strike Plaintiff's jury trial demand and claim for punitive damages (ECF No. 46), Plaintiff Sefanit Tesfa's brief in opposition to Defendant's motion (ECF No. 50), and Defendant's reply memorandum (ECF No. 61).  For the reasons set forth below, the Court **DEEMS MOOT** the motion to strike Plaintiff's jury trial demand and **DENIES** Plaintiff's motion to strike Plaintiff's claim for punitive damages.

## I.

As to the motion to strike Plaintiff's jury demand, the parties recently filed with this Court the proposed final pretrial order.  (ECF No. 57.)  In that filing, the parties agree that neither party has made a timely jury demand under the Federal Rules of Civil Procedure. Accordingly, the parties agree that this case should be tried by the Court.  Fed. R. Civ. P. 39(b). In light of the parties' agreement, Defendant's motion to strike Plaintiff's jury trial demand is moot.

## II.

As to the motion to strike Plaintiff's claim for punitive damages, Defendant relies on two grounds in support of its request. First, Defendant contends it is immune to punitive damages liability as an "instrumentality" of the United States government. (ECF No. 46 at PageID# 756.) Second, even if the Red Cross were subject to punitive damages liability, Defendant argues that Plaintiff does not have sufficient evidence of "actual malice" to support such an award. (*Id.* at PageID# 756-59.)

As to the first ground, Defendant harkens to its status as an instrumentality of the United States. *See Doe v. Am. Nat'l Red Cross*, 847 F. Supp. 643, 645 (W.D. Wisc. 1994) (reciting the "undisputed proposition" that the Red Cross is an instrumentality of the United States); *see also* 36 U.S.C. § 300101 (providing that the Red Cross "is a Federally chartered instrumentality of the United States and a body corporate and politic in the District of Columbia"). As such, Defendant contends that it is immunized from claims of punitive damages, just as the United States itself. Defendant relies on both *Doe* and *Barton v. Am. Red Cross*, 826 F. Supp. 407 (M.D. Ala. 1993) for the proposition that it is immune from punitive damages liability.

*Doe* and *Barton* are not, however, the only case authority on the subject. Other courts have found the Red Cross subject to punitive damages liability. *Harrington v. Am. Nat'l Red Cross*, 31 F. Supp. 2d 703 (E.D. Mo. 1999); *Doe v. American Nat. Red Cross*, 845 F.Supp. 1152 (S.D. W.Va. 1994). Of these cases, *Harrington* is particularly compelling because it arose, like this case, in the context of an employment discrimination lawsuit.

The question of whether the Red Cross is susceptible to punitive damages has its roots in the "sue or be sued" language contained in the federal statutes providing for the Red Cross's

existence.[1] In *Federal Housing Administration v. Burr*, 309 U.S. 242 (1940), and *Loeffler v. Frank*, 486 U.S. 549 (1988), the Supreme Court addressed the import of "sue and be sued" clauses. In both of those cases, the Supreme Court concluded that, "in cases of organizations whose charters include such clauses, Congressional waiver of sovereign immunity should be construed broadly." *Harrington*, 31 F. Supp. 2d at 705.

There are three circumstances in which the waiver should be deemed less than absolute: it must be shown (1) that certain types of suits are not consistent with the statutory or constitutional scheme; (2) that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function; or (3) that for other reasons it was plainly the purpose of Congress to use the sue and be sued clause in a narrow sense. *Burr*, 309 U.S. at 245. Absent such a showing, "agencies authorized to 'sue and be sued' are presumed to have fully waived immunity.'" *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 481, (1994) (internal quotation marks and citation omitted).

In this case, the Court does not find that the allowance of punitive damages will offend the statutory scheme governing the Red Cross. As the *Harrington* court noted, the availability of damages in the Title VII context is not expressly limited in suits against instrumentalities of the United States. *Harrington*, 31 F. Supp. 2d at 706.[2] Nor does the Court find that preclusion of punitive damages liability is necessary to avoid "grave interference" with the Red Cross's governmental functions. *Id.* at 707. Finally, Defendant puts forward no argument as to how it

---

[1] "The corporation may . . . sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States . . . ." 36 U.S.C. § 300105(a)(5).

[2] Though Plaintiff brought this case under Ohio anti-discrimination law and not Title VII, Ohio courts have routinely recognized that federal case law interpreting Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) is generally applicable to cases involving alleged violation of Chapter 4112 of the Ohio Revised Code. *See, e.g., Ohio Civ. Rights Comm'n v. David Richard Ingram, D.C.*, 69 Ohio St. 3d 89, 93, 630 N.E. 2d 669 (Ohio 1994).

was "plainly the purpose of Congress" to narrow the scope of the waiver applicable to the Red Cross.

While the Court acknowledges the holdings of the *Barton* and Wisconsin *Doe* cases Defendant relies upon, the Court finds more persuasive the reasoning set forth in the *Harrington* and West Virginia *Doe* cases. Accordingly, the Court rejects Defendant's argument that it is immune from liability for punitive damages.

In its second argument for striking Plaintiff's claim for punitive damages, Defendant argues that the claim fails "as a matter of law" because Plaintiff is incapable of proving the legal standard of "actual malice" by clear and convincing evidence. (Def.'s Mot., ECF No. 46, at PageID# 756.) This argument, however, does not provide an appropriate basis for striking Plaintiff's claim for punitive damages at this stage of the litigation. In essence, Defendant is asking this Court to grant summary judgment in its favor on Plaintiff's claim for punitive damages. But the dispositive motion deadline has passed; Defendant cannot escape that deadline under the guise of a "motion to strike" just a few weeks before trial.

### III.

For the foregoing reasons, the Court **MOOTS IN PART AND DENIES IN PART** Defendant's motion (ECF No. 46.) The motion to strike Plaintiff's jury demand is **DEEMED MOOT** by the parties' acknowledgment that neither of them demanded a jury trial in this matter in accordance with the Federal Rules of Civil Procedure. The motion to strike Plaintiff's punitive damages claim is **DENIED**.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

4