IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SEFANIT TESFA,

        Plaintiff,

v.

AMERICAN RED CROSS,

        Defendants.

Case No. 2:12-cv-0397
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## ORDER

This matter is before the Court on Defendant's motion for reconsideration of this Court's Opinion and Order denying Defendant's motion for summary judgment. (ECF No. 40.) Plaintiff did not file a timely response to Defendant's motion for reconsideration. As a result, also before the Court is Plaintiff's motion for leave *instanter* to file a brief in opposition to the motion for reconsideration. (ECF No. 51.)  The Court **DENIES** Defendant's motion (ECF No. 40) and **DENIES AS MOOT** Plaintiff's motion.

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Fed. R. Civ. P. 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004).  Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice. *Id*. at 959(citing *Reich v. Hall Holding Co*., 990 F. Supp. 955, 965 (N.D. Ohio 1998)). In this case, Defendant does not seek reconsideration on either of the first two grounds.

1

Defendant relies only on the third prong, contending that this Court made a clear error of law in the disposition of its motion for summary judgment.

In support of its view that the Court got it wrong in denying Defendant's motion for summary judgment, Defendant focus on this passage of the Court's summary judgment ruling:

> [I]t very well could be that Boxill was the more desirable and appropriate candidate for promotion to Laboratory Supervisor for entirely legitimate business reasons. But on the record before it, the Court finds that a reasonable jury might find otherwise.

(ECF No. 38 at PageID# 710.)  Relying on *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 627 (6th Cir. 2006), Defendant argues that the Court's reasoning cannot support a triable issue concerning whether Defendant's reasons not to promote Plaintiff were a pretext for discrimination.  Specifically, Defendant relies on the passage of *Bender* explaining that" in the case in which there is little or no other probative evidence of discrimination, to survive summary judgment the rejected applicant's qualifications must be so significantly better than the successful applicant's qualifications that no reasonable employer would have chosen the latter applicant over the former." *Id.* at 627.   Thus, Defendant reasons that the Court's analysis dictates that "summary judgment should have been entered in favor of the Red Cross because if it 'could be' that Boxill was the more desirable candidate, then Plaintiff has not met her burden to demonstrate that 'no reasonable employer' would have chosen him."  (ECF No. 40 at PageID# 717-18.)

The Court is not persuaded.   The Sixth Circuit's opinion in *Bender*, which this Court cited in its decision, also provides:

> Whether qualifications evidence will be sufficient to raise a question of fact as to pretext will depend on whether a plaintiff presents other evidence of discrimination. In the case in which a plaintiff does provide other probative evidence of discrimination, that evidence, taken together with evidence that the

2

> plaintiff was as qualified as or better qualified than the successful applicant, might well result in the plaintiff's claim surviving summary judgment.

*Bender*, 455 F.3d at 626-27.  Though Defendant understandably believes otherwise, this is the portion of the *Bender* analysis that applies here and counsels against summary judgment in Defendant's favor.  The Court's pretext analysis revealed a number of circumstances *apart from* the relative qualifications of Plaintiff and Boxill from which a reasonable trier of fact could find that Defendant's proffered reasons for pretextual.  (ECF No. 38 at PageID# 705-710.)  Thus, there was "other probative evidence of discrimination"; this is not a case where simply the relative qualifications of the successful and unsuccessful applicant were the *only* evidence of pretext relied upon by the plaintiff.

Defendant has failed to show this Court committed a clear error of law.  Reconsideration is therefore unwarranted.  Accordingly, the Court **DENIES** Defendant's motion for reconsideration (ECF No. 40).  Having found no basis for reconsideration demonstrated in Defendant's motion in the first place, the Court **DENIES AS MOOT** Plaintiff's motion for leave to file a response *instanter* to Defendant's motion (ECF No. 51).

**IT IS SO ORDERED**.

   /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE