IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SEFANIT TESFA,

      Plaintiff,

v.

AMERICAN RED CROSS,

      Defendants.

Case No. 2:12-cv-0397
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## ORDER

This matter is before the Court on (1) Plaintiff's motion for sanctions under Fed. R. Civ. P. 11 and (2) Plaintiff's motion to file a supplemental complaint under Fed. R. Civ. P. 15(d). (ECF Nos. 52 and 53.)  The Court **DENIES** both motions.

### I.

Plaintiff asks for Rule 11 sanctions as a consequence of Defendant American Red Cross filing a motion for reconsideration (ECF No. 40) of this Court's order denying in part Defendant's motion for summary judgment (ECF No. 38). Plaintiff asks for "an award of attorney's fees and costs associated with having to respond to Defendant's frivolous motion for reconsideration."  (ECF No. 52 at PageID# 815.)

The Court denies Plaintiff's motion for a couple of reasons.  First, the Court is unimpressed by Plaintiff's premise that she was forced into "having to respond" to Defendant's "frivolous" motion.  Plaintiff's response seems to have been an afterthought.  Plaintiff did not file a timely response to the motion for reconsideration and the Court denied as moot her request to file a brief in opposition to the motion for reconsideration.  (ECF No. 66.)  Given that the Court did not require the benefit of Plaintiff's response to deny Defendant's motion for

1

reconsideration, the Court is not convinced of the premise that Plaintiff *had* to respond, let alone expend the time to respond when her time for doing so had already passed.

Second, it does not appear from the face of Plaintiff's motion that she complied with Fed. R. Civ. P. 11(c)(2) before filing her motion for sanctions.  Specifically, there is no evidence before the Court that Plaintiff served Defendant with her Rule 11 motion and gave Defendant an opportunity to withdraw it before Plaintiff filed the motion with the Court.  *See* Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").

**II.**

Plaintiff also moves this Court for an order allowing her to file a supplemental complaint under Fed. R. Civ. P. 15(d).  Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

Here, Plaintiff seeks leave to file a supplemental pleading that adds a claim for retaliation against Defendant.  According to Plaintiff, who still works for the Red Cross, one of the alleged decisionmakers (Evette Wise) who denied Plaintiff the promotion at issue in this case has allegedly retaliated against Plaintiff for filing this action.  Specifically, Plaintiff's motion asserts that Wise "docked Plaintiff three weeks leave time" after conducting "a ten-year look back audit of Plaintiff's leave time." (ECF No. 53-1 at PageID# 828.)  Plaintiff believes this audit was retaliatory and that some of the "docked" leave time actually qualifies for protection under the federal Family and Medical Leave Act ("FMLA").  (*Id.* at PageID# 828-29.)  Plaintiff therefore

seeks leave to file a supplemental complaint that adds claims for retaliation and violations of the FMLA.

The Court denies Plaintiff's motion. Although the Court may allow a plaintiff to add claims in a supplemental complaint, doing so here would inevitably delay these proceedings when the matter is already set for trial in four weeks. In the Court's view, allowing supplementation would unduly delay resolution of the present case. *See Eidam v. Bailey*, No. 1:10-cv-34, 2011 U.S. Dist. LEXIS 69609, at *11 (E.D. Mich. June 29, 2011). "A trial court does not abuse its discretion in refusing to allow supplementation of a complaint which would add extraneous matter late in the case." *Id.* (citing *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2009); *In re Wade*, 969 F.2d 241, 250 (7th Cir. 1992)). If Plaintiff wishes to pursue her retaliation and FMLA claims in a separate lawsuit, she is free to do so.

## III.

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for sanctions (ECF No. 52) and **DENIES** Plaintiff's motion for leave to file a supplemental complaint (ECF No. 53).

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE